| | | |
|---|---|---|
| ELMAR RAKHAMIMOV | * | IN THE |
| 12139 Woodsyde Court | | |
| Owings Mills, Maryland 21117 | * | CIRCUIT COURT |
| | | |
| and | * | FOR |
| | | |
| JULIE RAKHAMIMOV | * | BALTIMORE COUNTY |
| 12139 Woodsyde Court | | |
| Owings Mills, Maryland 21117 | * | |
| | | |
| Plaintiffs | * | |
| | | |
| v | * | |
| | | |
| THE HARTFORD | * | |
| Serve on: | | |
| Maryland Insurance Administration | * | |
| 200 St. Paul Place, Suite 2700 | | |
| Baltimore, Maryland 21202 | * | |
| | | |
| and | * | |
| | | |
| SENTINEL INSURANCE COMPANY, LTD | * | |
| Serve on: | | |
| Maryland Insurance Administration | * | |
| 200 St. Paul Place, Suite 2700 | | |
| Baltimore, Maryland 21202 | * | |
| | | |
| and | * | |
| | | |
| THE HARTFORD FINANCIAL SERVICES | * | |
| GROUP, INC. | | |
| Serve on: | * | |
| Maryland Insurance Administration | | |
| 200 St. Paul Place, Suite 2700 | * | |
| Baltimore, Maryland 21202 | | |
| | * | |
| Defendants | | |
| | * | |

\*      \*      \*      \*      \*      \*      \*

## COMPLAINT

Now come the Plaintiffs, ELMAR RAKHAMIMOV and JULIE RAKHAMIMOV, by

LAWRENCE S GREENBERG and the GREENBERG LAW OFFICE, their attorneys, and sue the Defendants, THE HARTFORD, SENTINEL INSURANCE COMPANY, LTD , and THE HARTFORD FINANCIAL SERVICES GROUP, INC , and as grounds state:

1. That the Plaintiffs are now, and at all times herein mentioned, residents of Baltimore County, Maryland

2. That the Defendants, and each of them, hereinafter collectively referred to as "the Defendants" are, and at all times herein mentioned, corporations organized and authorized to sell policies of insurance under the laws of the State of Maryland, including, but not limited to issuing homeowners insurance in the State of Maryland, by and through the Maryland Insurance Administration

3. That prior to January 1, 2010, the Defendants issued and delivered to the Plaintiffs a policy of homeowners insurance no 42RBA585220, wherein, in consideration of the premium paid thereof, it insured the Plaintiffs for the term of one year from December 12, 2009 to December 12, 2010 against all direct loss or damage caused by the weight of ice, snow, or sleet, wind storms or hail, freezing, and/or falling objects to the extent of the basic policy and endorsements described below on their home located at 12139 Woodsyde Court in Baltimore County, Maryland

4 Under the terms of the homeowners policy issued by the Defendants to the Plaintiffs referred to above, the Defendants provided for the following coverages and limits of liability in the event of loss or damage caused by snow or ice, or other events accepted under the terms of the policy·

(A) Coverage A - Dwelling Structure Coverage - $1,265,000 00/up to replacement costs.

(B) Coverage B - Other Structure Coverage - $126,500.00/up to replacement costs

(C) Coverage C - Personal Property Coverage - $248,750 00/replacement costs.

(D) Coverage D - Loss of Use - $379,500 00/up to replacement costs

(E) Coverage E - Debris Removal

5. That within the period covered by the insurance policy, the Plaintiffs home was covered with extreme amounts of snow and ice on December 19, 2009 and December 20, 2009, on February 5, 2010 and February 6, 2010, February 9, 2010 and February 10, 2010, and February 25, 2010 through February 27, 2010. As a result of the increased weight of the snow and ice to the Plaintiffs' property, a loss occurred to the premises described in the policy, whereby the premises, and real and personal property were destroyed, which destruction was not due to any of the causes excepted in the insurance policy

6. That the appraisal for the value of the dwelling described in the policy and damaged and destroyed by the weight of the snow and ice was, at the time of the storms, fell within the policy limits described in the policy of insurance

## BREACH OF CONTRACT/BAD FAITH

7 That the Plaintiffs adopt and incorporate all of the aforementioned allegations in Paragraphs 1 through 6 above as if they were fully set forth herein.

8 That the Plaintiffs have performed all of the conditions of the policy on their part to be performed, including, but not limited to, providing written proof of loss and reports from contractors and experts detailing the specific damage and repairs necessitated by the damage.

9 The Plaintiffs made due demand of the Defendants for the payments of the sums due on the policy, but the Defendants refuse and still refuse to pay that sum, or any part thereof

10. That the Defendants' refusal to honor and pay the sums due on the policy was not done in good faith and the ongoing failure of the Defendants to exercise good faith to properly

evaluate and settle the claim under the terms of the policy, and the proximate consequence thereof, the Plaintiffs have been damaged and will continue to incur damage until such time as the claim is properly resolved

11. That as a result of the Defendants' refusal to pay said claim, the Plaintiffs have been forced to incur additional damages and costs, which will be determined at a later time, in their pursuit to have the Defendants comply with the provisions of the policy

WHEREFORE, the Plaintiffs demand judgment against the Defendants in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000 00) plus interest and costs, and whatever other relief the Court deems just and proper.

GREENBERG LAW OFFICE

_____
LAWRENCE S GREENBERG
6 E Biddle Street
Baltimore, MD 21202
410-539-5250
Attorney for the Plaintiffs