# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELMAR RAKHAMIMOV et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )  Civil No. WDQ-12-1113 |
| | ) |
| THE HARTFORD et al., | ) |
| | ) |
|     Defendants. | ) |

## ANSWER OF SENTINEL INSURANCE COMPANY, LTD.

Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), by its undersigned attorneys, responds as follows to each paragraph of the Complaint filed by Elmar Rakhamimov and Julie Rakhamimov (collectively, "Plaintiffs"):

1.  Sentinel admits, on information and belief, that the Plaintiffs are domiciled in Baltimore County, Maryland. On information and belief, however, the legal name of Plaintiff Julie Rakhamimov is Yuliya Rakhamimov.

2.  In response to the allegations of paragraph 2, Sentinel states that is a Connecticut corporation, with its principal place of business in Hartford, Connecticut, and that it is an insurer licensed in Maryland. Sentinel denies that "The Hartford" and The Hartford Financial Services, Inc. are insurers or proper defendants in this action. Sentinel, which is the insurer under the insurance contract at issue in this case, is the only entity that would be liable to Plaintiffs in the event that they prove a breach of that insurance contract.

3. In response to the allegations of paragraph 3, Sentinel states that it issued to Yuliya Rakhamimov a homeowners insurance policy numbered 42 RBA 585220 (12/9/2009 – 12/9/2010) ("the Policy"), with respect to a residence premises located at 12139 Woodsyde Court, Owings Mills, Maryland 21117, and that the Policy speaks for itself. A true and correct copy of the Policy is attached hereto as **Exhibit A** is incorporated herein by reference. Elmar Rakhamimov is an insured under the Policy to the extent that he is Yuliya Rakhamimov's spouse and is a resident of the same house.

4. In response to the allegations of paragraph 4, Sentinel states the Policy speaks for itself.

5. Sentinel is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, except that Sentinel denies the allegation that Policy exclusions are inapplicable.

6. In response to the allegations of paragraph 6, Sentinel denies the allegations regarding the cause of the alleged loss, but Sentinel admits that the Plaintiffs provided it an appraisal within applicable policy limits.

7. Sentinel incorporates by reference its responses to paragraphs 1 through 6.

8. Sentinel denies the allegations of paragraph 8. As set forth in Affirmative Defense 5, Plaintiffs did not make a separate claim under endorsement Form HO0427, after Sentinel informed them of their obligation to do so if they wished to make a claim for items covered

under that endorsement. Further, Plaintiffs never submitted a claim for recoverable depreciation in accordance with the Policy terms governing replacement cash value.

9. In response to the allegations of paragraph 9, Sentinel states that it paid Plaintiffs $12,719.54, representing the actual cash value of the covered portion of the Plaintiffs' claim, net of the Policy deductible of $1,000.00.

10. Sentinel is contemporaneously moving to strike the allegations of paragraph 10, and therefore no response is required at this time. To the extent that a response is required, Sentinel denies the allegations of paragraph 10.

11. Sentinel denies the allegations of paragraph 11.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Any claim for failure to act in good faith is barred by the Plaintiffs' failure to exhaust administrative remedies. In support of this affirmative defense, Sentinel incorporates by reference its contemporaneously filed motion to strike.

3. The rights of Plaintiffs, if any, against Sentinel are subject to and limited by the terms of the Policy, including all conditions, exclusions, definitions, deductibles, and limits of liability.

4. Plaintiffs' rights are barred by payment, for the reasons set forth in Sentinel's response to paragraph 9 of the Complaint.

12193/0/01085170.DOCXv1

5. Policy exclusions bar coverage for any portion of the Plaintiffs' loss beyond the scope of Sentinel's payment. The pertinent coverage and exclusionary provisions are as follows:

### Section I – Perils Insured Against

We insure against risk of direct physical loss to property described in Coverages **A**, **B**, and **C**.
We do not insure, however, for loss:
**A.** Under Coverages A, B, and C:
   **1**. Excluded under Section I – Exclusions; [or]
   **2.** Caused by:

      \*   \*   \*

   **d.** Mold, fungus or wet rot. However, we do insure for loss caused by mold, fungus or wet rot that is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure if such loss results from the accidental discharge or overflow of water or steam from within:
      **(1)** A plumbing, heating, air conditioning or automatic fire protective sprinkler system, or a household appliance, on the "residence premises"; or
      **(2)** A storm drain, or water, steam or sewer pipes, off the "residence premises".
   For purposes of this provision, a plumbing system or household appliance does not include a sump, sump pump or related equipment or a roof drain, gutter, downspout or similar fixtures or equipment; or
   **e.** Any of the following:
      (1) Wear and tear, marring, deterioration; [or]
      (2) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself[.]

      \*   \*   \*

### Section I – Exclusions

      \*   \*   \*

**B.** We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

4

      **1.** Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in A above to produce the loss.
      **2.** Acts or decisions, including the failure to act or decide, of any Person, group, organization or government body.
      **3.** Faulty, inadequate, or defective:
         **a.** Planning, zoning, development, surveying, siting;
         **b.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
         **c.** Materials used in repair, construction, renovation or remodeling; or
         **d.** Maintenance;
      of part or all of any property whether on or off the "residence premises".

Inspections performed by Sentinel, by Crawford & Company, and by two separate engineers with EFI Global revealed that the damage to the dwelling's Exterior Insulation Finish System (EIFS) and skylights resulted from inadequate installation and lack of maintenance. Old repairs indicated that the problems had been occurring for an extended period of time. Sentinel advised the Plaintiffs on September 4, 2010 that, although the exclusion for "Mold, fungus or wet rot" barred coverage for rotted wood caused by water entering through inadequate flashing, the Plaintiffs could make a separate claim under endorsement Form HO0427, which provides limited coverage for damage caused by rot; but the Plaintiffs declined to make such a separate claim, preventing Sentinel from determining coverage for such a separate claim.

      6.     Plaintiffs are not entitled to recoverable depreciation except to the extent that they comply with the Policy provisions regarding replacement cost value. Plaintiffs do not allege that they have in fact complied with those Policy provisions.

      7.     Sentinel reserves the right to amend or supplement these defenses as appropriate.

Respectfully submitted:

 /s/ *Steven M. Klepper*
Steven M. Klepper, Bar No. 26664
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
Telephone: (410) 752-6030
Facsimile (410) 539-1269
Email: sklepper@kg-law.com

*Attorneys for Defendant Sentinel Insurance Company, Ltd.*